SHIRLEY P. HILL,

    **Plaintiff,**

v.           408CV012

FORD MOTOR COMPANY,

    **Defendant.**

_____

## ORDER

Previously, the Court refused to dismiss this products liability case[1] upon plaintiff Shirley Hill's F.R.Civ.P. 41(a)(1)(A)(i)-stipulation of dismissal because defendant Ford Motor Company had already filed an answer. Doc. ## 16, 17; *see also* Rule 41(a)(1)(A)(i) (plaintiff may voluntarily dismiss without a court order by filing "a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment") (emphasis added). The Court thus afforded Hill two options:

> (1) file a stipulation of dismissal under Rule 41(a)(1)(A)(ii) "signed by all parties who have appeared"; or (2) file a Rule 41(a)(2)- motion for dismissal "By Court Order" (stating proper reasons for the Court to consider).

Doc. # 17.

Hill now moves the Court to dismiss her case *without prejudice* under Rule 41(a)(2), but states only that Ford filed no counterclaim and "will not be prejudiced in any substantial right" by such a dismissal. Doc. # 18 at 1. She proffers

---

[1] Plaintiff alleges her Ford Explorer's "cruise control" failed to disengage upon applying the brakes causing her to run into an embankment at a high rate of speed and injuring her. Doc. # 1 at 14.

no other justification for the dismissal.

"In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986) and *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)) (quotes, cite, alteration, and emphasis omitted).

Ford responds in opposition, insisting that Hill's conduct during discovery warrants a dismissal with prejudice. Doc. # 19. It is undisputed that Hill, in violation of F.R.Civ.P. 26, *never* filed Initial Disclosures, nor responded to Ford's Interrogatories or Requests for Production. *Id.* at 1-2. Ford's subsequent letters to Hill's counsel about those failures received no response. So, Ford filed a motion to dismiss Hill's claims with prejudice (as a sanction for the discovery failures) or, alternatively, to compel Hill to comply with her discovery obligations. Doc. # 15. Hill failed to respond even to that, and instead opted to file her (since rebuked) stipulation of dismissal, doc. # 16, and now a Rule 41(a)(2) motion for dismissal. Doc. # 18.

Worse, the deadline for disclosing expert witnesses (an expert witness would be necessary to prevail in this products liability case) passed on the same day that Hill filed her Rule 41(a)(2) motion. As expected, she disclosed no expert witnesses, thus likely warranting a Rule 56 summary judgment dismissal. Doc. # 19 at 2. Unsurprisingly, Ford accuses Hill of attempting to dodge an adverse decision, and it insists that she should not be allowed to "avoid the consequences" of her ongoing discovery

failures. *Id.* at 4-7.

The Court agrees that Hill's failure to comply with this Court's scheduling Order, as well as her Rule 26 discovery obligations, is deplorable. Not only has her counsel failed to be prompt, he has failed to conduct *any* discovery. Nor did he extend the simple professional courtesy of responding to opposing counsel's correspondence about those discovery abuses. Simply "dropping dead" on opposing counsel, and in the fact of his dismissal motion at that, is *not* the way to practice law before this Court.

Unfortunately for Ford though, Eleventh Circuit precedent refuses to "visit the sins of the lawyer upon [her] client" and requires this Court to grant Hill's motion to dismiss without prejudice. *Pontenberg*, 252 F.3d at 1257. In both *Pontenberg* and *McCants*, plaintiff sought a Rule 41(a)(2)-dismissal without prejudice to avoid an adverse summary judgment decision (caused by plaintiff's counsel's negligence). But that did *not* constitute sufficient legal prejudice to the defendants to justify dismissals with prejudice. *Pontenberg*, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss"); *McCants*, 781 F.2d at 858 ("[T]he likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal"); *accord Parrish v. Ford Motor Co.*, 2007 WL 1231707 (S.D.Ga. 4/25/07) (unpublished).[2] Hence, "delay alone, in the

absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending."[3] *Pontenberg*, 252 F.3d at 1259 (citing *McCants*, 781 F.2d at 858).

Ford makes no bad faith allegations in this case. *See* doc. # 19. Even if the Court construed Ford's brief to argue bad faith based on the discovery abuses, that contention would still lose. *Pontenberg* discussed plaintiff's counsel's negligent discovery failures (similar to those here) and agreed with the district court's finding of no bad faith. 252 F.3d at 1258.

Thus, Ford's contention -- that Hill is ducking the summary judgment axe (caused by her counsel's negligence) -- does not constitute sufficient legal prejudice to justify dismissal with prejudice. *Id.*, 252 F.3d at 1258; *McCants*, 781 F.2d at 858. However, Ford has suffered practical prejudice from the expenses incurred by the filing of this lawsuit. The Court can cure this prejudice in a different fashion: "Where the practical prejudice of expenses incurred in defending the action can be alleviated by the imposition of costs or other conditions, the district court does not abuse its broad equitable discretion by dismissing the action without

---

[2] In *Pontenberg*, counsel's negligence resulted in inadequate expert witness disclosures which were later

stricken -- thus the plaintiff had no expert witnesses, could not establish a *prima facie* case, and inevitable summary judgment loomed. *Pontenberg*, 252 F.3d at 1255. Plaintiff did not respond to the summary judgment motion, instead filing a Rule 41(a)(2) dismissal without prejudice which the district court granted. *Id.* The Eleventh Circuit affirmed stating, "[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.* at 1258.

[3] There is no pending summary judgment motion in this case. However, as Hill has no expert witness and that deadline has passed, surely one would be forthcoming shortly if the Court denied Hill's current motion.

prejudice." *Pontenberg*, 252 F.3d at 1260.

Therefore, if Hill decides to re-file this case in the future (anywhere), Ford will be entitled to its attorney's fees and costs from this action. Ford shall file, within 15 days of this Order, an affidavit declaring its attorney's fees and costs,[4] which will become a part of a final order dismissing this case without prejudice. Hill is enjoined from proceeding past the re-filing stage of the next action she files on this claim unless and until the next court resolves the "pre-payment" amount that Hill owes Ford. *See supra* n. 4.

Accordingly, plaintiff Shirley Hill's motion to dismiss this case without prejudice is **GRANTED** in part and **DENIED** in part in accordance with the conditions set forth above. Doc. # 18. Upon the filing of Ford's fee/cost affidavit, the Court will issue a final order (thus, Ford should accompany its affidavit with a Motion for Final Order to trigger the Court's motion-tracking software).

In light of this ruling, the Court also **DENIES** as moot defendant Ford Motor Co.'s motion to compel (doc. # 15) and motion for order granting the motion to compel (doc. # 20).

This __21__ day of July, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Ford's affidavit will not necessarily constitute a set amount for prepayment. Rather, the amount should be negotiated by the parties or decided by the "re-filing" court (taking into account, for example, work product Ford can reuse in the subsequent action). The next court will be better equipped to determine the proper "pre-payment" amount with the new Complaint before it and full briefing from both parties on that issue.